**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

*

THOMAS J. ALSTON,

     Plaintiff,

v.

TRUIST BANK,

     Defendant.

Civil No. 22-2974-BAH

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On September 30, 2025, the Court issued a memorandum opinion and order awarding summary judgment to Defendant Truist Bank ("Defendant" or "Truist") and denying summary judgment for Plaintiff Thomas J. Alston ("Plaintiff" or "Alston"). ECF 115 (memorandum opinion); ECF 116 (order). On October 28, 2025, Alston filed a motion to alter or amend that judgment. ECF 117 (motion); ECF 118 (correction). Truist has filed an opposition, ECF 119, and Alston has filed a reply, ECF 120. All filings include memoranda of law.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Alston's motion to alter the judgment is **DENIED.**

## I.    BACKGROUND

Alston brought suit against Truist alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Count I); defamation (Count II); and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (Count III). ECF 34 (third amended complaint). In October 2024, Truist filed a motion for summary judgment, ECF 83, and in November of that year

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

Alston filed a cross-motion for summary judgment, ECF 91. After the motions ripened and disputes related to the exhibits and briefing were resolved, *see, e.g.*, ECFs 107 and 112, the Court issued a thirty-eight-page opinion and an accompanying order granting Truist's motion for summary judgment in full. *See* ECF 115 (memorandum opinion); ECF 116 (order). Now Alston seeks to alter that judgment. *See* ECF 117.

## II.   LEGAL STANDARD

Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "'It is the moving party's burden to establish one of . . . three grounds' to attain relief." *Hartnett v. Hardenbergh*, 821 F. Supp. 3d 549, 552 (E.D. Va. 2026) (quoting *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012)). Rule 59(e) motions may be "granted '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Clear Touch Interactive, Inc. v. Ockers Co.*, 171 F.4th 715, 728 (4th Cir. 2026) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Courts grant Rule 59(e) relief only in exceptional circumstances, as it remains 'an extraordinary remedy that should be applied sparingly[.]'" *Hartnett*, 821 F. Supp. 3d at 552 (quoting *Moke Am. LLC v. Moke Int'l Ltd.*, 126 F.4th 263, 283 (4th Cir. 2025)).

## III.   TIMELINESS

As an initial matter, the Court pauses to consider the timeliness of Alston's motion. Alston filed the motion one minute before the deadline to do so elapsed, at 11:49 p.m. on October 28, 2025. *See* ECF 117. The next day, Alston filed correspondence correcting the memorandum and proposed order attached to his motion. ECF 118. As Truist observes, one difference between the original and corrected filings includes the signature block on the motion. The original signature

2

block contains an electronic signature from Jeffery W. Styles, Alston's counsel of record in this case, but it lists the email address of Alston, while the corrected filing contains Styles' email address. *Compare* ECF 117-1, at 8, *with* ECF 118, at 8. Truist alleges that "[t]he very late filing of the Motion and Mr. Alston's email address on the signature block of the Motion and Memorandum suggest that Mr. Alston prepared and filed these papers without Mr. Styles' supervision in violation of Local Rule 704 and Md. R. Prof. Cond. 19-305.1." ECF 119, at 1 n.1.

Under this Court's Local Rules, "[w]hen a party is represented by counsel, the Clerk shall accept for filing only documents signed by a member of the Bar of this Court whose appearance is entered on behalf of that party." Loc. R. 102.1(a) (D. Md. 2025). "Use of any of the methods for signing an electronic document established by the Court, including use of an attorney's login and password to electronically file a document, constitutes the attorney's signature on the document." *Id.* Given the revision to the signature block made in the corrected filing, the Court has serious concerns about whether Alston's counsel of record actually filed the pending motion, and thus whether the motion should have been accepted at all. That is especially so in light of Alston's documented history in this Court of similar conduct. *See Alston v. Orion Portfolio Servs., LLC*, Civ. No. PJM-16-3697, 2017 WL 784122, at *1 n.1 (D. Md. Mar. 1, 2017); *Miller v. Trident Asset Mgmt., LLC.*, Civ. No. ADC-18-2538, 2019 WL 6528610, at *3 (D. Md. Dec. 4, 2019). Nevertheless, the Court will consider Alston's motion, in part because Truist does not request any further action and because the motion will ultimately be denied.

## IV.    ANALYSIS

Turning to the merits of the motion, Alston argues that a "manifest injustice would result if the Court does not alter or amend its Judgment, as the Court predicated its ruling on several clear errors of facts and law." ECF 117-1, at 1. Specifically, Alston argues that the Court made eight errors in its decision on the motions for summary judgment. *See id.* at 2–8. "[T]o reconsider a

decision due to manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." *In re D.C. Diamond Corp.*, No. 1:19-CV-463, 2020 WL 13605457, at *2 (E.D. Va. Mar. 16, 2020), *aff'd*, 816 F. App'x 873 (4th Cir. 2020). The Court assesses Alston's purported errors of fact and law in light of that high bar. At the outset, however, the Court observes that Rule 59(e) motions "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Much of Alston's motion reads as an attempt to relitigate this case using the same arguments presented in his prior briefing.

First, Alston argues that the Court "clearly erred by finding Plaintiff did not dispute the BB&T account prior to May 2022." ECF 117-1, at 2 (cleaned up). According to Alston, he "disputed the BB&T account at least 11 times." *Id.* at 2 ¶ 4 (citing eleven dates from Alston's declaration, filed separately from his amended cross-motion for summary judgment). To be sure, the Court's prior opinion begins its overview of the relevant factual background with Alston's May 2022 dispute of the BB&T Account. *See* ECF 115, at 2. But that is because, as Truist correctly observes, "any prior dispute that Plaintiff may have raised with a credit reporting agency ('CRA') on that account is immaterial because . . . there is no evidence that any of the CRAs provided Truist with notice of any dispute prior to May 2022." ECF 119, at 4.

As the Court discussed in its memorandum opinion, there are three elements essential to an FCRA failure to reasonably investigate claim: "(1) the plaintiff submitted a dispute over the accuracy of information on a credit report to a [CRA]; (2) the [CRA] notified the furnisher of that dispute; [and] (3) the furnisher failed to conduct a reasonable investigation to determine whether the disputed information can be verified." ECF 115, at 14 (quoting *Roberts v. Carter-Young, Inc.*,

4

131 F.4th 241, 253 (4th Cir. 2025)). Importantly, the furnisher of information must be notified by the CRA of the dispute, and all three steps must be completed for any particular dispute. *See id.* In Alston's declaration, which the Court already considered in making its prior decision, Alston asserts that he directly notified *Truist* of the purported inaccuracies on several occasions leading up to May of 2022, and on *some* of those occasions he asserts that *he* contacted CRAs alleging errors in reporting with respect to the account. *See* ECF 98-1, at 2–5.

While the Court acknowledged in its prior opinion that Alston contended, and the Busic deposition reflected, an automated consumer dispute verification ("ACDV") from a CRA received by Truist from Experian in February 2022 related to the BB&T account, the record evidence identified that ACDV as related to fraud on the BB&T Account. *See* ECF 91-2, at 11, 43–44 ¶¶ 4–14. But the dispute at issue in the section of the opinion Alston invokes, *see* ECF 120, at 2 ¶ 4, while related to the same account, is not about fraud but instead about what Alston contended was a "patently incorrect" application of Truist's delinquency policy to his payment history on the BB&T Account, *see* ECF 115, at 4–5; *see also id.* at 2 n.3 ("The BB&T account number originally ended in 0380. However, it changed twice during the period relevant to this lawsuit due to *unrelated fraud claims* reported by Alston." (emphasis added)). It was thus no error that the Court considered Alston's communications in May 2022 as the first time he raised the issue that he was not truly late on his payment. *See* ECF 115, at 22. Regardless, the Court's conclusion turned not just on the time that had elapsed after the dispute had been raised, but also the nature of the dispute itself. *See id.* ("Truist had no reason to consider Alston's dispute regarding the delinquency as bona fide or potentially meritorious one, nor was Alston's dispute actually potentially meritorious *given what it is*." (emphasis added)).

Second, Alston argues that the Court "clearly erred by finding Defendant did not inaccurately report [the] BB&T account 0380." ECF 117-1, at 3 (cleaned up). Alston asserts that he "disputed [the] BB&T 0380 account in February 2022 *on the basis of fraud*" and that "Defendant acknowledged [ ] BB&T 0380 was inaccurate but did not instruct Equifax to delete the account until 5 months later in July 2022." *Id.* at 3 ¶ 7 (emphasis added). Alston asserts that "failure to delete the BB&T 0380 account within 30 days of Plaintiff's dispute to Equifax is a violation of §§ 1681s-2(b)(1)(C), (D)," and thus the Court "erred in not finding Defendant is liable for violating §§ 1681s-2(b)(1)(C), (D) with respect to Plaintiff's dispute in February 2022." *Id.* ¶ 8. As Truist identifies, this "delay" claim was never raised in Alston's complaint, which Truist argued in its reply brief. *See* ECF 108, at 21–22.

As Truist correctly notes, the Court did not address the impropriety of the "delay" claim separately because of its independent basis for awarding summary judgment to Truist with respect to any such claim. Specifically, the Court found that Alston's failure to establish an issue of material fact as to recoverable damages also warranted summary judgment in Truist's favor. *See* ECF 115, at 27. However, the Court will address the impropriety of Alston's "delay" claim now, for good measure. The word "fraud" does not appear in the third amended complaint once. *See generally* ECF 34. Rather, the complaint is filed with allegations related to Alston's dispute about whether he was truly late on his account. *See id.* at 2–3, 5–6. "A plaintiff may not amend its complaint through arguments at the summary judgment stage." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 435 (D. Md. 2006). The Court did not, and will not, permit Alston to advance an entirely new set of allegations and a new theory of liability in his summary judgment briefing, more than two years after this action was first filed.

6

Third, Alston argues that the Court "erred in finding Defendant's records established the date Plaintiff's payment was received." ECF 117-1, at 3 (cleaned up). On this point, Alston reproduces his arguments from prior briefing that a presumption that Truist received the payment at issue in May of 2022 applies on account of the evidence before the Court, and further that "[c]onsidering the Defendant provided no evidence . . . to rebut the presumption of delivery, the Court erred by finding the payment was not delivered in May 2022." *Id.* at 4. Fourth, and relatedly, Alston argues that the Court "erred by failing to view evidence in [the] light most favorable to Plaintiff with respect to Plaintiff's attempted payment." *Id.* at 5 (cleaned up). However, the Court explained in its prior opinion that "the issue is not whether Alston did, in fact, mail the check; rather, the question is whether Truist erred in not treating his claim that he did as potentially actionable." ECF 115, at 23. Indeed, the Court noted that "[i]f all Alston had to generate was a genuine dispute of material fact as to whether he mailed the check in May of 2022, then perhaps he would succeed in making such a showing." *Id.* at 26. But for reasons already explained, the Court concluded that Truist did not err in treating his claim as not potentially meritorious or bona fide, even viewing the record evidence in the light most favorable to Alston. *See id.* at 22–26.

Fifth, Alston contends that the Court "erred by basing" its assessment of the "accuracy" of Truist's reporting "on a subjective standard," a standard which Alston claims came from Truist's "policy for reporting accounts." ECF 117-1, at 4 (cleaned up). The Court did no such thing. First, as described in the opinion, the Court agrees with Alston that inaccuracy is measured by an objective standard. *See* ECF 115, at 15. Specifically, "a report is inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Id.* (quoting *Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (cleaned up)). Moreover, the Court observed that "an alleged 'inaccuracy (or

7

incompleteness)' is only actionable if the reported information is 'objectively and readily verifiable by the furnisher.'" *Id.* (quoting *Roberts*, 131 F.4th at 250, 252). The Court did not use Truist's policy as a measure of whether the reported information was patently incorrect or misleading in such a way and to such an extent that it can be expected to have an adverse effect. Although it noted that the reporting was "in accordance with Truist's general delinquency reporting policy," *id.* at 16, the Court did so merely to bolster its analysis that reporting "accounts as 30 days delinquent in the month they became over 30 days past due, rather than by reference to the month of the originally missed due date," *id.*, is not patently incorrect or misleading by an objective standard. That is because "Alston was, in fact, 30 days late on his payments." *Id.* at 17. Regardless, Alston made "no effort to explain *why* the particular month the delinquency is reported makes a difference" in considering accuracy, despite the opportunity to do so. *Id.* Again, the Court finds no error.

Sixth, Alston argues that the Court "erred in weighing Plaintiff's credibility, i.e. self-serving declaration." ECF 117-1, at 6. It is true that the Court expressed "real concerns about whether Alston's 'own, self-serving' testimony 'containing conclusory assertions and unsubstantiated speculation' can sufficiently 'stave off summary judgment' alone." ECF 115, at 21 (quoting *Larken v. Perkins*, 22 F. App'x 114, 115 n.* (4th Cir. 2001)). But the Court, mindful of the summary judgment standard, was *explicit* in refusing to rest its holding on concerns about Alston's declaration, and explicitly reached its conclusion "[r]egardless" of those concerns. *Id.* at 21–22.

Seventh, Alston contends that the Court "erred by weighing the evidence of actual damages," specifically by "discredit[ing] Plaintiff's evidence of credit denials because of 'additional blemishes.'" ECF 117-1, at 6 (cleaned up) (citation omitted). First, with respect to the

8

Suntrust Account, the Court reached its conclusion due to a "more fundamental problem:" the "only exhibit in the record related to actual or monetary damages that could support Alston's FCRA claim related to reporting on the SunTrust Account" was dated before the alleged delinquency on the account. ECF 115, at 29. As to the BB&T Account, the Court concluded that a reasonable juror could not find Truist's credit reporting was a substantial factor in causing the denials of credit exhibited by Alston. *See id.* The Court did not reach that conclusion merely because there were undisputably other factors at play in the denial, but based on an assessment of the record as a whole. While causation is often an issue for the factfinder, Alston's case is unique. *See id.* ("Neither can the Court ignore Alston's extensive history interacting with entities in the loan and credit world in considering his burden with respect to damages, causation, and loan denials."). The Court concluded as a matter of law that Alston's denial letters were such that a reasonable trier of fact could not "infer that the inaccurate entry was a 'substantial factor' that brought about the denial of credit" in this matter. *Id.* at 27–28 (quoting *Enwonwu v. Trans Union, LLC*, 364 F. Supp. 2d 1361 (N.D. Ga. 2005), *aff'd*, 164 F. App'x 914 (11th Cir. 2006). Alston presents no new information in his motion that persuades the Court otherwise.

Eighth, Alston argues that the Court "erred in finding that no reasonable jury could find Defendant willfully violated the FCRA." ECF 117-1, at 7–8. On this point, however, Alston merely summarizes in two sentences the arguments he made in his prior briefing on the cross-motions for summary judgment. *See id.* As discussed, Rule 59(e) motions "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment." *Pac. Ins. Co.*, 148 F.3d at 403. Alston presents no new argument as to why the Court's conclusion on willfulness was incorrect, and his citation to a non-binding 2020 case which he could have

9

presented in his prior briefing does not change the Court's prior view. ECF 120, at 8 ¶ 20 (citing *Coulter v. Chase Bank USA, N.A.*, Civ. No. 18-1538, 2020 WL 5820700 (E.D. Pa. Sept. 30, 2020)).

## V.    **CONCLUSION**

For the foregoing reasons, Alston's motion to alter the judgment, ECF 117, is **DENIED**. The case will remain closed, and a separate implementing order will issue.

Dated: <u>July 9, 2026</u>

/s/
_____
Brendan A. Hurson
United States District Judge
